[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 16, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15983
Non-Argument Calendar

_____

D. C. Docket No. 03-00118-CV-WLS-1

JOE A. DAVIS,

Plaintiff-Appellant,

versus

MANAGEMENT TECHNOLOGY,
a.k.a. Mantech MTISC,
a.k.a. ManTech Telecommunications and
Information Systems Corporation,
a.k.a. ManTech International Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 16, 2006)

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Joe A. Davis, an African-American male, appeals the district court's grant of summary judgment to Management Technologies (hereinafter "ManTech")[1] on his Title VII, 42 U.S.C. § 2000e-2, and 42 U.S.C. § 1981 claims that he was the victim of disparate treatment on the basis of his race. On appeal, he argues that the district court erred in holding that he failed to state a prima facie case because he did not identify a similarly-situated employee outside of his protected class who was treated more favorably. For the reasons stated below, we affirm the district court.

We review de novo the district court's grant of summary judgment. Burton v. Tampa Housing Authority, 271 F.3d 1274, 1276-77 (11th Cir. 2001). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

To the extent Davis proceeded under both Title VII and 42 U.S.C. § 1981, both Title VII and § 1981 "have the same requirements of proof and use the same analytical framework," and, therefore, we "may address the Title VII claim with

---

[1] Management Technology's correct name is "ManTech Telecommunications and Information Systems Corporation."

the understanding that the analysis applies to the § 1981 claim as well." Standard v. A.B.E.L. Services, Inc., 161 F.3d 1318, 1330 (11th Cir. 1998). Title VII of the Civil Rights Act of 1964 makes it illegal "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race. . . ." 42 U.S.C. § 2000e-2(a)(1). A plaintiff who has no direct evidence of discrimination nonetheless may establish a Title VII claim by introducing circumstantial evidence that creates an inference of discrimination. Hinson v. Clinch County, Ga. Bd. of Educ., 231 F.3d 821, 827 (11th Cir. 2000).

Here, the parties agree that Davis has no direct evidence of discrimination, and the record reveals none. Therefore, we use the three-part framework for circumstantial evidence cases set forth by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1272 (11th Cir. 2002). The first step in that framework is that the plaintiff may establish a prima facie case of discrimination. Id. Davis can establish a prima facie case by showing that: "(1) he belongs to a racial minority; (2) he was subjected to adverse job action; (3) his employer treated similarly situated employees outside his classification more favorably; and (4) he was qualified to do the job." Holifield v. Reno, 115 F.3d

3

1555, 1562 (11th Cir. 1997). "If a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present." Id.

The district court held that Davis failed to establish a prima facie case because he did not point to any similarly-situated employee who was treated differently. Rather, Davis skipped ahead and argued that ManTech's proffered reason for his termination was pretextual. Because he failed to establish a prima facie case of discrimination, the district court held that summary judgment was appropriate for ManTech.

We agree with the district court that Davis failed to assert the existence of a prima facie case in the district court, either by successfully demonstrating disparate treatment as compared to a similarly situated employee or otherwise. However, even if we did accept Davis's argument on appeal, summary judgment for ManTech is still appropriate.

On appeal, Davis points to James Holland as a similarly-situated employee. Like Davis, Holland was accused of violating the same Army policy against being off-base without permission. ManTech was a defense contractor providing support for the United States military in Bosnia. Holland and Davis were both removed from Bosnia for their violation of ManTech policy. Neither employee was

4

terminated by ManTech for his infraction, but both were informed that they could no longer work in Bosnia, which was considered a "Hazardous Duty Location." ManTech informed both Davis and Holland that they would be transported to Germany and then, although they were not yet terminated, they would probably be laid off because there were no available positions for either of them. Identical paperwork was completed for both Davis and Holland. However, after this decision was made, a ManTech senior logistician unexpectedly resigned his employment and Holland accepted that job in Germany. Davis, a senior supply technician, has not argued that he was qualified for the senior logistician position. Davis also has not offered any admissible evidence that any position existed in ManTech for which he was qualified. Accordingly, we readily conclude that Davis failed to show that similarly-situated employees outside of his protected class were treated more favorably for the same conduct.

Finally, Davis denies that he ever left the base, and, therefore, denies that he ever violated ManTech's policy. Davis's denial that he violated ManTech's policy, however, is insufficient to prevent summary judgment. "[A]n employer successfully rebuts any prima facie case of disparate treatment by showing that it honestly believed the employee committed the violation." Jones v. Gerwens, 874 F.2d 1534, 1540 (11th Cir. 1989). Notwithstanding Davis's failure to establish a

5

prima facie case, Davis's supervisor, under oath, explained why he did not believe Davis's reasons for being absent, and there is no evidence of bad faith in that explanation.

In sum, we conclude that the district court correctly found that Davis failed to establish a prima facie case of disparate treatment on the basis of his race because he did not show that a similarly-situated employee outside his protected class received more favorable treatment than he did, nor did he demonstrate racial discrimination in any other way.

Accordingly, the judgment of the district court is

AFFIRMED.